**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL MURPHY**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 8673 |
| | ) | |
| **VILLAGE OF UNIVERSITY PARK**, | ) | |
| a municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Because of this Court's all-consuming involvement in a recent trial coupled with unusual complexities in a number of other cases on this Court's calendar, it was unable to follow its usual practice of reviewing all new filings in its cases promptly after their delivery to chambers, followed by the issuance of short sua sponte memorandum orders correcting flaws that a preliminary screening has revealed. That regrettable circumstance led to this Court's failure to address at an earlier date the numerous defects in the month-old Answer and Affirmative Defenses ("ADs") filed by defendant Village of University Park ("University Park") to the Complaint brought against it by Daniel Murphy ("Murphy") -- but better late than never.

In this instance University Park's counsel have run afoul of two of the venial (not mortal) sins too often committed by many defense counsel -- often enough that this Court had occasion to issue an Appendix to its opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276 (N.D. Ill. 2001) speaking to those matters. This memorandum order will deal with those defects in the first instance, then go on to identify another flaw or two.

As for the first defect, Answer ¶¶ 3 and 19 employ an impermissible substitute for the plain roadmap set out in Fed. R. Civ. P. ("Rule") 8(b)(5) for situations in which a disclaimer by a

responding party is permitted where it cannot respond to a complaint's allegation in the matter called for by Rule 8(b)(1)(B) (in that respect see App'x ¶ 1 to <u>State Farm</u>). So those two paragraphs in the Answer are stricken.

Much more prevalent, but equally impermissible, is University Park's treatment of what it characterizes as "legal conclusions" -- see Answer ¶¶ 5, 21-23, 30, 31, 39, 40, 47, 48, 55, 56, 63 and 64. Even apart from what has been said in App'x ¶ 2 to <u>State Farm</u>, all of those paragraphs of the Answer are also stricken and University Park is ordered to respond to the corresponding allegations of the Complaint in a manner that serves the notice-pleading goal that the <u>Twombly</u>-<u>Iqbal</u> canon has prescribed for complaints but that should really be served by parties on both sides of the "v." sign. In brief, the function of pleadings should be to identify which matters asserted in a complaint are contested and at issue and which are not -- and the handling by University Park's counsel has not served that goal at all.

That last comment also applies to Answer ¶¶ 24 and 34. It is simply not true that the corresponding allegations in the Complaint are so "vague" that they cannot be responded to appropriately. Those paragraphs in the Answer are also stricken.

To turn to the ADs, they exhibit multiple flaws. Here is a listing that seeks to be exhaustive, but is without prejudice to the possibility that Murphy's counsel may notice up other perceived flaws by motion:

1. Just what "administrative remedies" was Murphy required to exhaust before bringing a 42 U.S.C. § 1981[1] action, as AD I asserts? That AD is

---

[1] All further references to Title 42 provisions will simply take the form "Section --," omitting the prefatory "42 U.S.C."

stricken, but without prejudice to its possible reassertion if some real deficiency in that respect is identified.

2. University Park's counsel obviously have not read Murphy's Complaint before filing its response, for they have missed entirely the fact that Murphy has advanced a claim only under federal law (Section 1981), so that asserted tort immunity defenses predicated on Illinois law are totally irrelevant. AD II is stricken with prejudice.

3. AD III advances the equivalent of a Rule 12(b)(6) motion. Even if that contention were to have any merit, it is impermissible to have it sitting there like a ticking time bomb, potentially available to explode Murphy's action at some later point in the litigation. It too is stricken, although University Park might raise that purported contention by a <u>promptly</u> asserted and properly supported motion.

4. AD IV begins with a telltale "To the extent . . ." preface -- a sure tipoff that what is said about a claimed failure on Murphy's part to mitigate damages is totally speculative. That is certainly not a proper AD at this threshold point in the litigation, although University Park may be able to raise that issue later if discovery reveals such a flaw. In the meantime that AD falls as well.

5. All of University Park's remaining kitchen-sink ADs (ADs V through XI) also appear to be problematic or worse except for AD VIII, as to which punitive damages are barred (though not for the fact-dependent reasons asserted by University Park's counsel -- instead that result flows from the

immunity conferred by City of Newport v. Fact Concepts, Inc., 453 U.S. 247, 259-60 (1981) in the Section 1983 context, which has been held by our Court of Appeals in Bell v. City of Milwaukee, 746 F.2d 1205, 1270-77 (7th Cir. 1984) to operate in Section 1981 cases as well). In candor, this opinion has already gone on too long in its effort to educate counsel who have obviously given little thought to their pleading responsibility. Hence all of those remaining ADs, save AD VIII, are stricken as well, albeit without prejudice to the possible reassertion of one or more of them when given proper thought and appropriate support.

In sum, the Answer and ADs are stricken in their entirety so that University Park's counsel can prepare and submit a self-contained pleading that complies with the requirements of law. That is ordered to be done on or before February 12, 2016, with a paper copy to be delivered to this Court's chambers in accordance with LR 5.2(f). No charge may be made to University Park by its counsel for the added work and expense incurred in correcting counsel's errors. University Park's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: January 27, 2016