UNITED STATES DISTRCIT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Court No. 15 cv 8673 |
| v. ) | |
| ) | Honorable Judge Milton I. Shadur |
| VILLAGE OF UNIVERSITY PARK, a ) | |
| municipal corporation, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES Defendant, VILLAGE OF UNIVERSITY PARK, by and through its attorneys PETERSON, JOHNSON & MURRAY – CHICAGO LLC, and for its amended answer and affirmative defenses to Plaintiff's Complaint, states as follows:

### JURISDICTION

1. This is a suit in equality authorized and instituted pursuant to 42 U.S.C. § 1981. The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. § 19981(b), providing for declaratory, injunctive, compensatory, punitive, and other relief against employment discrimination based upon race.

**ANSWER:** Defendant admits that the Plaintiff has brought this action for alleged violations of the above stated statutes and acts, however Defendant denies any wrongdoing or liability in connection thereto.

2. Venue is proper under 28 U.S.C. § 1391 (B). The Defendant resides or resided in this district and the events giving rise to Plaintiffs' claims occurred here.

**ANSWER:** Defendant admits that venue is proper.

## PARTIES

3. DANIEL MURPHY ("MURPHY" or "PLAINTIFF") is a citizen of the United States and the State of Illinois. He currently resides in Beecher, Illinois.

**ANSWER:** **Defendant admits that Plaintiff is a citizen of the United States and State of Illinois, but lacks knowledge or information sufficient to forma a belief about the truth or falsity of paragraph 3.**

4. MURPHY was, at all relevant times, employed by the VILLAGE and was a "person" as defined by 42 U.S.C. 1981.

**ANSWER:** **Defendant admits the allegations contained in paragraph 4.**

5. The VILLAGE OF UNIVERSITY PARK ("UNIVERSITY PARK" or "DEFENDANT"), is a municipal corporation located in both Cook and Will counties in the State of Illinois; organized and existing as a legal entity within the State of Illinois.

**ANSWER:** **Defendant admits the allegations contained in paragraph 5.**

## BACKGROUND FACTS

6. MURPHY is a 47-year-old Caucasian male who began his employment as a police officer with UNIVERSITY PARK on or about January 6, 1992, after being honorably discharged from the United States Air Force.

**ANSWER:** **Defendant admits the allegations contained in paragraph 6.**

7. In 2006, MURPHY was promoted to the position of Sergeant. As of the filing of this Complaint, MURPHY held the title of Sergeant.

**ANSWER:** **Defendant admits the allegations contained in paragraph 7.**

8. In the fall of 2011, MURPHY applied for the position of Chief of Police. Of the three officers who applied from within University Park Police Department, MURPHY was the only Caucasian applicant, and the only applicant who did not receive an interview for the position.

**ANSWER: Defendant admits that Plaintiff applied for the position of Chief of Police and was not selected.**

9. Instead, on or about October 10, 2011, the position of Chief of Police was given to Melvin Davis, ("Davis"), a less senior, less experienced and less qualified African-American male.

**ANSWER: Defendant admits that the position of Chief of Police was given to Melvin Davis, but deny the remainder of the allegations contained in paragraph 9.**

10. Upon information and belief, prior to hiring Davis, a committee was formed for the purpose of conducting the hiring process for the new Chief of Police.

**ANSWER: Defendant admits the allegations contained in paragraph 10.**

11. Upon information and belief, although Melvin Davis was not named as a finalist by the committee, Mayor of University Park Vivian Covington unilaterally appointed him to the position of Chief.

**ANSWER: Defendant denies the allegations contained in paragraph 11.**

12. In or around July of 2012, Davis promoted by appointment two officers of the University Park Police Department to the position of Commander. Both of these officers, Officer Debra Wilson and Officer Daryl Stroud, are African-American. MURPHY was not invited to interview for the position of Commander.

**ANSWER: Defendant admits that the Plaintiff was not promoted to the position of Commander, but denies the remainder of the allegations contained in paragraph 12.**

13. In 2013, MURPHY again applied for the position of Chief of Police. Although he was given an interview, the position of Chief of Police was again given to an African-American male, Edward Bradley.

**ANSWER: Defendant admits that Plaintiff was given an interview and that he was not selected for the position of Chief of Police.**

14. In or around November 2014, MURPHY was promoted to the position of Acting Commander by the University Park Chief of Police, Ed Bradley. Before being appointed to the position of Acting Commander, MURPHY had never been given an opportunity to apply for the Commander position.

**ANSWER: Defendant admits that the Plaintiff was promoted, but denies the remainder of the allegations contained in paragraph 14.**

15. On or about June 26, 2015, MURPHY was promoted to the position of Acting Chief of Police after Acting Chief of Police, Daryl Stroud, retired.

**ANSWER: Defendant admits the allegations contained in paragraph 15.**

16. In July 2015, MURPHY once again applied for the position of Chief of Police, while at the same time serving as UNIVERSITY PARK's Acting Chief of Police.

**ANSWER: Defendant admits that Plaintiff applied for the position of Chief of Police.**

17. Despite being the most senior and most qualified applicant, MURPHY was again denied the position of Chief of Police, which was given to a less experienced, less qualified, African-American male, John Pate, who is 15 years his junior.

**ANSWER: Defendant admits that Plaintiff was not given the position of Chief of Police.**

18. In or around September 2015, UNIVERSITY PARK's new Chief of Police, John Pate, appointed MURPHY to the position of Acting Commander.

**ANSWER: Defendant admits the allegations contained in paragraph 18.**

19. Just one day later, MURPHY was demoted to the position of Sergeant, although he continues to perform the duties of the Commander position.

**ANSWER: Defendant admits that Plaintiff was demoted, and admits that the Plaintiff continues to perform police officer duties for the Village of University Park.**

## COUNT I – 42 U.S.C. § 1981 – DISCRIMINATION BASED ON RACE
## FAILURE TO PROMOTE – 2011

20.     MURPHY reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth herein.

**ANSWER:     Defendant reincorporates and realleges its answers to Paragraphs 1 through 19 as though fully set forth herein.**

21.     MURPHY is a member of protected class in that his race is Caucasian.

**ANSWER:     Defendant admits that Plaintiff is Caucasian and that race is a protected class.**

22.     During the course of his employment, MURPHY performed to Defendant's legitimate expectations.

**ANSWER:     Defendant denies the allegations contained in paragraph 22.**

23.     Despite being the most qualified applicant, MURPHY was not promoted to the position of Chief of Police. In fact, MURPHY was not even interviewed for the position of Chief of Police in 2011.

**ANSWER:     Defendant admits that Plaintiff was not interviewed for the position of Chief of Police and that he was not appointed to the position, but deny the remainder of the allegations contained in paragraph 23.**

24.     Similarly situated employees not in MURPHY'S protected class were interviewed for the position of Chief of Police.

**ANSWER: Defendant denies the allegations contained in paragraph 24.**

25.     The position of Chief of Police was given to Melvin Davis, a less qualified African-American applicant.

**ANSWER:     Defendant admits that Melvin Davis was given the position of Chief of Police, but denies the remainder of the allegations contained in paragraph 25.**

26.     By denying him an interview for the Chief of Police position and passing him over for a less qualified African-American applicant, and by creating, condoning, and

perpetuating an environment by which the terms and conditions of employment differ for members of a protected class, Defendant has intentionally discriminated against the Plaintiff with malice or with reckless indifference to Plaintiff's federally protected rights in violation of 42 U.S.C. § 1981.

**ANSWER:** **Defendant denies the allegations contained in paragraph 26.**

27. As a result of the intentional acts complained of herein, Plaintiff MURPHY has suffered and will continue to suffer the loss of salary, benefits and other compensation that the position of chief entails. Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:** **Defendant denies the allegations contained in paragraph 27.**

28. Plaintiff demands a trial by jury.

**ANSWER:** **Defendant also demands a trial by a 12 person jury.**

WHEREFORE, Defendant, VILLAGE OF UNIVERSITY PARK, prays that this honorable court find in its favor and against the Plaintiff and for any and all other relief deemed necessary and just.

## COUNT II – 42 U.S.C. § 1981 – DISCRIMINATION BASED ON RACE
## FAILURE TO PROMOTE - 2012

29. MURPHY reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth herein.

**ANSWER:** **Defendant reincorporates and realleges its answers to Paragraphs 1 through 19 as though fully set forth herein.**

30. MURPHY is a member of protected classes in that his race is Caucasian.

**ANSWER:** **Defendant admits that Plaintiff is Caucasian and that race is a protected class.**

31. During the course of his employment, MURPHY performed to Defendant's legitimate expectations.

**ANSWER: Defendant denies the allegations contained in paragraph 31.**

32. Despite being the most qualified applicant, MURPHY was not promoted to the position of Commander in July 2012. In fact, MURPHY was not even interviewed for the position of Commander in July 2012.

**ANSWER: Defendant admits that the Plaintiff was not promoted, but denies the remainder of the allegations contained in paragraph 32.**

33. Instead, Chief of Police Melvin Davis appointed less senior, less experienced and less qualified African-American officers, Daryl Stroud and Debra Wilson, to the position of Commander.

**ANSWER: Defendant admits that Daryl Stroud and Debra Wilson were appointed to the position of Commander, but denies the remainder of the allegations contained in paragraph 33.**

34. Similarly situated employees not in MURPHY'S protected class were promoted to the position of Commander despite being less qualified therefor.

**ANSWER: Defendant admits that other employees within the Department were promoted to the position of commander, but denies that those employees were less qualified.**

35. By promoting two less qualified African-American officers to the position of Commander without allowing MURPHY to apply, and by creating, condoning, and perpetuation an environment by which the terms and conditions of employment differ for members of a protected class, Defendant has intentionally discriminated against the Plaintiff with malice or with reckless indifference to Plaintiff's federally protected rights in violation of 42 U.S.C. § 1981.

**ANSWER: Defendant denies the allegations contained in paragraph 35.**

36. As a result of the intentional acts complained of herein, Plaintiff MURPHY has suffered and will continue to suffer the loss of salary, benefits and other compensation that the position of Commander entails. Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:** **Defendant denies the allegations contained in paragraph 36.**

37. Plaintiff demands a trial by jury.

**ANSWER:** **Defendant also demands a trial by a 12 person jury.**

WHEREFORE, Defendant, VILLAGE OF UNIVERSITY PARK, prays that this honorable court find in its favor and against the Plaintiff and for any and all other relief deemed necessary and just.

## COUNT III – 42 U.S.C. § 1981 – DISCRIMINATION BASED ON RACE
## FAILURE TO PROMOTE - 2013

38. MURPHY reincorporates and reallges Paragraphs 1 through 19 as though more fully set forth herein.

**ANSWER:** **Defendant reincorporates and realleges its answers to paragraphs 1 through 19 as though fully set forth herein.**

39. MURPHY is a member of a protected classes in that his race is Caucasian.

**ANSWER:** **Defendant admits that Plaintiff is Caucasian and that race is a protected class.**

40. During the course of his employment, MURPHY performed to Defendant's legitimate expectations.

**ANSWER:** **Defendant denies the allegations contained in paragraph 40.**

41. Despite being the most qualified applicant, MURPHY was not prmoted to the position of Chief of Police in 2013.

**ANSWER:** **Defendant admits that Plaintiff was not promoted, but denies the remainder of the allegations contained in paragraph 41.**

42. The position of Chief of Police was given to Edward Bradley, a less qualified African-American applicant.

**ANSWER:** **Defendant admits that the position of Chief of Police was given to Edward Bradley, but denies the remainder of the allegations contained in paragraph 42.**

43. By passing him over for a less qualified African-American applicant, and by creating, condoning, and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class, Defendant has intentionally discriminated against the Plaintiff with malice or with reckless indifference to Plaintiff's federally protected rights in violation of 42 U.S.C. § 1981.

**ANSWER:** **Defendant denies the allegations contained in paragraph 43.**

44. As a result of the intentional acts of complained of herein, Plaintiff MURPHY has suffered and will continue to suffer the loss of salary, benefits and other compensation that the position of Chief of Police entails. Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:** **Defendant denies the allegations contained in paragraph 44.**

45. Plaintiff demands a trial by jury.

**ANSWER:** **Defendant also demands a trial by a 12 person jury.**

WHEREFORE, Defendant, VILLAGE OF UNIVERSITY PARK, prays that this honorable court find in its favor and against the Plaintiff and for any and all other relief deemed necessary and just.

## COUNT IV – 42 U.S.C. § 1981 – DISCRIMINATION BASED ON RACE
## FAILURE TO PROMOTE - 2015

46. MURPHY reincorporates and reallges Paragraphs 1 through 19 as though more fully set forth herein.

**ANSWER: Defendant reincorporates and realleges its answers to paragraphs 1 through 19 as though fully set forth herein.**

47. MURPHY is a member of a protected classes in that his race is Caucasian.

**ANSWER: Defendant admits that Plaintiff is Caucasian and that race is a protected class.**

48. During the course of his employment, MURPHY performed to Defendant's legitimate expectations.

**ANSWER: Defendant denies the allegations contained in paragraph 48.**

49. Despite being the most qualified applicant; and despite serving as the Acting Chief of Police throughout the summer of 2015, MURPHY was again passed over for the position of Chief of Police in 2015.

**ANSWER: Defendant admits that the Plaintiff was not selected for the position of Chief of Police.**

50. The position of Chief of Police was given to John Pate; a less experienced, less qualified African-American applicant approximately fifteen years MURPHY's junior.

**ANSWER: Defendant admits that John Pate was given the position, but denies the remainder of the allegations contained in paragraph 50.**

51. By passing him over for a less qualified African-American applicant, and by creating, condoning, and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class, Defendant has intentionally discriminated against the Plaintiff with malice or with reckless indifference to Plaintiff's federally protected rights in violation of 42 U.S.C. § 1981.

**ANSWER: Defendant denies the allegations contained in paragraph 51.**

52. As a result of the intentional acts complained of herein, Plaintiff MURPHY has suffered and will continue to suffer the loss of salary, benefits and other compensation that the position of Chief of Police entails. Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:    Defendant denies the allegations contained in paragraph 52.**

53. Plaintiff demands a trial by jury.

**ANSWER:    Defendant also demands a trial by a 12 person jury.**

WHEREFORE, Defendant, VILLAGE OF UNIVERSITY PARK, prays that this honorable court find in its favor and against the Plaintiff and for any and all other relief deemed necessary and just.

## COUNT V – 42 U.S.C. § 1981 – DISCRIMINATION BASED ON RACE - DEMOTED FROM POSITION OF CHIEF OF POLICE

54. MURPHY reincorporates and reallges Paragraphs 1 through 19 as though more fully set forth herein.

**ANSWER:    Defendant reincorporates and realleges its answers paragraphs 1 through 19 as though fully set forth herein.**

55. MURPHY is a member of a protected classes in that his race is Caucasian.

**ANSWER:    Defendant admits that Plaintiff is Caucasian and that race is a protected class.**

56. During the course of his employment, MURPHY performed to Defendant's legitimate expectations, including throughout his tenure as both Acting Chief of Police and Acting Commander.

**ANSWER:    Defendant denies the allegations contained in paragraph 56.**

57. Despite serving as the Acting Chief of Police throughout the summer of 2015, MURPHY was demoted from the position of Chief of Police in or around August 2015.

**ANSWER: Defendant denies that Plaintiff was demoted, and admits Plaintiff was only "acting" in the position and not holding the position as a permanent title.**

58. The position of Chief of Police was given to John Pate, a less experienced, less qualified African-American applicant approximately fifteen years MURPHY's junior.

**ANSWER: Defendant admits that the position was given to John Pate, but denies the remainder of the allegations contained in paragraph 58.**

59. By demoting him from the position of Chief of Police and appointing a less qualified African-American applicant as Chief of Police, and by creating, condoning, and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class, Defendant has intentionally discriminated against the Plaintiff with malice or with reckless indifference to Plaintiff's federally protected rights in violation of 42 U.S.C. § 1981.

**ANSWER: Defendant denies the allegations contained in paragraph 59.**

60. As a result of the intentional acts complained of herein, Plaintiff MURPHY has suffered and will continue to suffer the loss of salary, benefits and other compensation that the position of Chief of Police entails. Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER: Defendant denies the allegations contained in paragraph 60.**

61. Plaintiff demands a trial by jury.

**ANSWER: Defendant also demands a trial by a 12 person jury.**

WHEREFORE, Defendant, VILLAGE OF UNIVERSITY PARK, prays that this honorable court find in its favor and against the Plaintiff and for any and all other relief deemed necessary and just.

### COUNT VI – 42 U.S.C. § 1981 – DISCRIMINATION BASED ON RACE - DEMOTED FROM POSITION OF ACTING COMMANDER

62. MURPHY reincorporates and reallges Paragraphs 1 through 19 as though more fully set forth herein.

**ANSWER: Defendant reincorporates and realleges its answers to paragraphs 1 through 19 as though fully set forth herein.**

63. MURPHY is a member of a protected classes in that his race is Caucasian.

**ANSWER: Defendant admits that Plaintiff is Caucasian and that race is a protected class.**

64. During the course of his employment, MURPHY performed to Defendant's legitimate expectations, including throughout his tenure as Acting Commander.

**ANSWER: Defendant denies the allegations contained in paragraph 64.**

65. Despite serving as the Acting Chief of Police throughout the summer of 2015, MURPHY was demoted from the position of Chief of Police in or around August 2015.

**ANSWER: Defendant denies that Plaintiff was demoted, Plaintiff was only "acting" in the position and not holding the position as a permanent title.**

66. The position of Chief of Police was given to John Pate, a less experienced, less qualified African-American applicant approximately fifteen years MURPHY's junior.

**ANSWER: Defendant admits that the position was given to John Pate, but denies the remainder of the allegations contained in paragraph 66.**

67. After being demoted from the position of Acting Chief of Police, MURPHY was told that he would be serving as Acting Commander under the newly appointed Chief of Police, John Pate.

**ANSWER:** **Defendant admits the allegations contained in paragraph 67.**

68. In or around September of 2015, Chief of Police John Pate gave MURPHY the Acting Commander badge.

**ANSWER:** **Defendant admits the allegations contained in paragraph 68, buy denies any relevance to Plaintiff's claims.**

69. The next day, Chief Pate informed MURPHY that he would no longer be serving as Acting Commander, and MURPHY was again demoted, this time to the position of Sergeant; although MURPHY continues to perform the duties of the Commander position.

**ANSWER:** **Defendant denies that Plaintiff was demoted, Plaintiff was only "acting" in the position and not holding the position as a permanent title.**

70. By again demoting him and appointing a less qualified African-American applicant, and by creating, condoning, and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class, Defendant has intentionally discriminated against the Plaintiff with malice or with reckless indifference to Plaintiff's federally protected rights in violation of 42 U.S.C. § 1981.

**ANSWER:** **Defendant denies the allegations contained in paragraph 70.**

71. As a result of the intentional acts complained of herein, Plaintiff MURPHY has suffered and will continue to suffer the loss of salary, benefits and other compensation that the position of Chief of Police entails. Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:** **Defendant denies the allegations contained in paragraph 71.**

72. Plaintiff demands a trial by jury.

**ANSWER:** **Defendant also demands a trial by a 12 person jury.**

WHEREFORE, Defendant, VILLAGE OF UNIVERSITY PARK, prays that this honorable court find in its favor and against the Plaintiff and for any and all other relief deemed necessary and just.

## **AFFIRMATIVE DEFENSES**

### **Affirmative Defense I – Defendant's Legitimate Non-Discriminatory Decisions**

Plaintiff's Complaint, and each purported claim contained therein, is barred in whole or in part because all decisions with respect to the Plaintiff's employment with the Village of University Park were made by Defendant for legitimate, non-discriminatory, non-pretextual reasons.

### **Affirmative Defense II – Mixed Motive**

Defendant did not commit the acts or omissions as alleged in the Plaintiff's Complaint for discriminatory motives, but assuming that it did, such acts or omissions would have been taken in any event for legitimate, non-discriminatory, non-pretextual reasons.

Defendant reserves the right to reassert any previously pled affirmative defenses pursuant to the January 27, 2016 Memorandum Order filed by this court, should a factual basis in the future arise for said previously pled.

WHEREFORE, Defendants, VILLAGE OF UNIVERSITY PARK, respectfully request judgment in their favor and against the Plaintiff. Defendant requests that plaintiff take nothing by way of this Complaint and that they be awarded all fees and costs incurred in defending this claim so wrongfully brought, or for all such other relief this court deems just.

Respectfully submitted,

VILLAGE OF UNIVERSITY PARK

By: s/ Patrick S. Wall

                                            Attorney for Defendant

Patrick S. Wall  
Paul O'Grady  
Peterson, Johnson & Murray – Chicago LLC  
200 West Adams Street, Suite 2125  
Chicago, IL 60606  
P: (312) 724-8024  
F: (312) 896-9318  
pwall@pjmlaw.com