UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL MURPHY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:15-cv-08673 |
| VILLAGE OF UNIVERSITY PARK, municipal corporation, | ) ) ) ) ) | Honorable Judge Shadur |
| Defendant. | ) ) | |

## PLAINTIFF'S MOTION TO COMPEL

NOW COMES the Plaintiff, DANIEL MURPHY, by and through his attorneys, The Law Offices of Eugene K. Hollander, and for his Motion to Compel, states as follows:

1. Plaintiff Daniel Murphy ("Plaintiff" or "Murphy") brought the above-captioned action against the Defendant, Village of University Park ("Defendant" or "the Village"), claiming race discrimination and retaliation under 42 U.S.C. § 1981. More specifically, Plaintiff alleges that the Village failed to promote him on several occasions throughout his employment, despite being the most qualified candidate; demoted him from several positions during his employment; and then retaliated against him after he filed suit on October 1, 2015.

2. The parties initially propounded discovery in April of 2016 (*See* **Exhibit 1** for copies of Plaintiff's Interrogatories and Requests to Produce propounded on Defendant). Plaintiff then served his Answers to Defendant's First Set of Interrogatories and Responses to Defendant's Initial Requests for Production on May 27, 2016.

3. After several requests for extensions of time, Defendant served its Answers to Plaintiff's Interrogatories and Responses to Plaintiff's First Requests for Production of

documents on August 3, 2016. *See* **Ex. 2**, Defendant's Answers to Interrogatories; **Ex. 3**, Defendant's Responses to Plaintiff's Requests for Production of Documents.

4. On August 5, 2016, Plaintiff sent counsel for the Defendant a letter, in the spirit of Federal Rule of Civil Procedure 37, outlining numerous deficiencies in the Defendant's production. A copy of Plaintiff's letter is attached hereto as **Ex. 4**.

5. Such deficiencies included, but were not limited to, a failure to provide the following information: the names of any of Plaintiff's supervisors during his employment with the Defendant; the names of the decision-makers involved in the hiring process for the positions Plaintiff claims he was wrongfully denied; a list of the other applicants for Chief of Police and Commander; information or documents describing the criterion used for the selection of Chief of Police and Commander; the names of the persons responsible for demoting Plaintiff from his position as Acting Chief of Police; or the names of those individuals responsible for disciplining Plaintiff after the filing of his lawsuit. Thus, the Defendant's discovery responses leave Plaintiff without the names of potential deponents with knowledge of the issues in this case. Additionally, not one piece of correspondence regarding the Plaintiff and/or the allegations made in his lawsuit was produced.

6. More broadly, many of the Defendant's Answers to Interrogatories fail to actually answer the Interrogatory posed, and merely refer Plaintiff generally to the Defendant's production. For instance, the Defendant's Answers to Interrogatories 2, 3, 5, 10 and 18 refer the Plaintiff either to its production generally, or to the Plaintiff's Complaint at Law or 26(a) Disclosures. Other Answers state only that "investigation continues." These are not complete or responsive answers, and are particularly deficient in light of the amount of time the Defendant has had to respond.

7. As far as the Defendant's Responses to Plaintiff's Requests for Production of Documents, they remain deficient in that they fail to specify which documents or range of documents are responsive to Plaintiff's Requests. For example, most if not all of the Defendant's responses merely state "please see attached." Even more troubling, a large portion of the documents produced by the Defendant have been redacted, but no privilege log was provided explaining which documents were redacted and the reason therefor.

8. The parties then conferred via telephone on August 8, 2016, pursuant to Rule 37 of the Federal Rules of Civil Procedure (Jon Hoeven for the Plaintiff, Patrick Wall for the Defendant). Counsel for the Defendant agreed to supplement its Answers to Interrogatories and Responses to Plaintiff's Requests for Production by August 15, 2016. Defendant then supplemented its discovery responses by letter on August 16, 2016, a copy of which is attached hereto as **Ex. 5**.

9. These supplemental responses, however, remain deficient for many of the same reasons the Defendant's initial responses were inadequate, as outlined in Plaintiff's second Rule 37 letter dated August 17, 2016, and attached hereto as **Ex. 6**. Thus, Plaintiff's good-faith attempts to resolve the aforementioned discovery dispute were unsuccessful as of the filing of the instant motion.

10. While the letter attached hereto as Ex. 5 outlines with specificity the remaining deficiencies in the Defendant's discovery responses, the Defendant's responses generally leave Plaintiff without the following information, among other items sought: (1) the names of all decision-makers; including which hiring/demotion decision each participated in; (2) the criterion or requirements used for the selection of any of the positions Plaintiff claims he was denied; (3) information on the other applicants for the positions Plaintiff claims he was denied; including the

race and experience level of each applicant; (4) information regarding the outside agency retained by Defendant to conduct the hiring process for Chief of Police in 2015; (5) any written correspondence regarding the Plaintiff or his claims as stated in his Complaint at Law. This information; among other evidence sought, is essential to the continued prosecution of the Plaintiff's claim.

11. Defendant has no good faith basis for denying Plaintiff's legitimate discovery requests.

WHEREFORE, Plaintiff requests that this Court enter an Order:

A. Ordering Defendant to provide responsive information within 30 days;

B. Awarding Plaintiff the reasonable attorney's fees for preparing the instant Motion, and appearing before the Court; and

C. Ordering any and all other relief that this Court deems fair and just.

**Respectfully Submitted,
Plaintiff Daniel Murphy**

By: _____
Jonathon L. Hoeven

Eugene K. Hollander
Paul W. Ryan
Jonathon L. Hoeven
**The Law Offices of Eugene K. Hollander**
230 West Monroe, Ste. 1900
Chicago, IL 60606
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com
jhoeven@ekhlaw.com

4