# EXHIBIT 4



THE LAW OFFICES OF

# EUGENE K. HOLLANDER

EUGENE K. HOLLANDER
ALSO LICENSED IN ARIZONA

PAUL W. RYAN
JONATHON L. HOEVEN

August 5, 2016

**Sent Via E-Mail & Regular Mail**
Mr. Patrick S. Wall
Peterson, Johnson & Murray Chicago, LLC
200 West Adams, Suite 2125
Chicago, Illinois 60606
pwall@pjmlaw.com

> **RE:** **Murphy v. Village of University Park, Case No. 1:15-cv-08673**
> **Rule 37 Conference**

Dear Counsel,

In the spirit of Federal Rule of Civil Procedure 37, below is a summary of the deficiencies in the Defendant's written discovery responses. For the purposes of our upcoming Rule 37 conference, I have provided a brief summary of each interrogatory/request that Plaintiff finds insufficient, as well as Defendant's response thereto. Please be advised that if we cannot agree on appropriate supplementation of your current production, we will move for a motion to compel, and ask for all costs and attorney's fees associated with the preparation of the same.

**1.** **Defendant's Answers to Interrogatories**

**Interrogatory No. 2** sought a list of every position held by the Plaintiff during his employment with the Defendant; as well as his rate of pay, benefits received, and the name of his supervisor at each position. Defendant's answer refers to Plaintiff's Complaint, as well as his personnel file. Please advise as to whether you are willing to supplement your answer to this interrogatory with the names of Plaintiff's supervisors at each position held during his employment.

E-mail: EHollander@ekhlaw.com
PRyan@ekhlaw.com
JHoeven@ekhlaw.com
www.ekhlaw.com

**Interrogatory No. 3** sought the names and contact information of "all persons having knowledge of the facts as alleged in Plaintiff's Complaint." You objected to this interrogatory as "unduly broad and overly burdensome," and referred to the parties' 26(a) disclosures. Please advise as to whether you are willing to supplement your answer to this interrogatory.

**Interrogatory No. 4** sought names and contact information for anyone who either made or was consulted in the decision-making process concerning selection of a new Chief of Police for each year Plaintiff was denied this position (2011; 2013; 2015). You responded that for each such year, a committee was formed to review applications for the position of chief of police, after which it made a recommendation to the Board of Trustees for the village, who voted to approve the Committee's appointment. However, no names were provided. Please advise as to whether you will provide the names of both the Board Members and the Committee members who participated in the selection of Chief of Police in 2011; 2013; and 2015.

**Interrogatory No. 5** sought information regarding the policies and procedures for the selection of Chief of Police. The Defendant's response referred plaintiff to its "response to the Request for Production." However, Plaintiff cannot locate the requested information in the documents produced. As such, please either supplement your answer to this interrogatory, or describe in further detail wherein your production the responsive documents appear.

**Interrogatory No. 6** sought a list of applicants who applied for the position of Chief of Police for each year in which the Plaintiff applied; and further requested the following information for each applicant: the race, rank, and years of service for each applicant; whether each applicant was interviewed; whether each applicant was asked to submit to a polygraph examination and whether he or she did in fact submit to one; and to the extent any numerical or otherwise quantifiable performance measures were used to evaluate applicants, each applicant's score(s) on any such measure(s). Your answer stated only that "investigation continues." Please provide a date by which you will supplement your answer to this interrogatory.

**Interrogatory No. 8** sought a list of the requirements and/or criterion used for the selection of Chief of Police in the years Plaintiff applied, and to state whether Plaintiff satisfied each. Defendant's answer referred generally to its responses to Plaintiff's request for production of documents. However, Plaintiff cannot locate the requested information in the documents produced. As such, please either supplement your answer to this interrogatory, or describe in further detail wherein your production the responsive documents appear.

**Interrogatory No. 10** asked whether there were any policies and procedures in place for the selection of the Commander position during the years in which Plaintiff was denied such a position. The Defendant's response referred generally to its document production. However, Plaintiff cannot locate the requested information in the documents produced.

2

As such, please either supplement your answer to this interrogatory, or describe in further detail wherein your production the responsive documents appear.

**Interrogatory No. 11** sought a list of applicants for the position of Commander for the years Plaintiff applied. Your Answer stated "investigation continues." Please provide a date by which you will supplement your answer to this interrogatory.

**Interrogatory No. 13** sought a list of the requirements and/or criterion used for the selection of the Commander position for the years Plaintiff applied. You objected to this interrogatory and provided no response. Please advise as to whether you are willing to supplement your answer to this interrogatory.

**Interrogatory No's 16 and 17** sought the names and contact information of those individuals involved in the decision to demote the Plaintiff from the positions of Acting Chief of Police and Commander, respectively. The Defendant objected and provided no answer. Please advise as to whether you are willing to supplement your answer to this interrogatory.

**Interrogatory No. 18** sought the names and contact information of all persons who participated or were consulted with in the decision-making process relating to placing the Plaintiff on any informal or formal disciplinary plan. The Defendant answered "please see Plaintiff's disciplinary proceeding documents." While a portion of such documents were found in Defendant's production, please advise as to whether you are willing to supplement your answer to this interrogatory with the names of those individuals involved in the decision to place Plaintiff on any formal or informal disciplinary plan.

**Interrogatory No. 26** sought a list of employees who have served in the role of Commander since the creation of the position through the present; and further requested the dates of service, race, and years of employment for each such individual. The Defendant objected and stated only that "the Commanders are contained within the document production." Please advise as to whether you are willing to supplement your answer to this interrogatory with the information requested.

2.   **Defendant's Responses to Plaintiff's Requests for Production of Documents**

**Request No. 3** sought the production of "any and all written communications you or one of your employees have received or obtained from anyone, person or agency, in connection with this lawsuit." The Defendant objected and produced no documents. Please advise as to whether you will supplement your response to this request with relevant, non-privileged written communications.

**Request No. 5** sought the complete personnel file of former Chief of Police, Melvin Davis. The Defendant's response states only, "investigation continues." Please advise as to when we can expect to receive relevant, non-privilege documentation responsive to this request.

**Request No. 9** sought the complete personnel file of Officer Debra Wilson. Although the Defendant's response states, "please see attached," Officer Wilson's personnel file does not appear in the documents produced. Please advise as to whether you are willing to produce the complete personnel file of Officer Debra Wilson.

**Request No. 13** sought any and all documents which support, evidence, relate or otherwise pertain to any lawsuits, internal or external complaints, charges, or claims of retaliation made against Defendant from January 1, 2011 through the present. While the Defendant's response states, "please see attached," Plaintiff was unable to locate documentation concerning the aforementioned requests. Please advise as to whether you are willing to supplement your response to this request.

**Requests No.'s 19 & 20** sought copies of each and every application submitted for the position of Chief of Police and Commander, respectively, for the years in which Plaintiff applied. Defendant's response states investigation continues. Please advise as to when we can expect to receive the requested documents.

**Request No. 22** sought copies of any and all documents related to the Plaintiff's submission to a polygraph examination as part of his application for the position of Chief of Police, including but not limited to any waivers executed in connection with any such examination. Please confirm that any and all documents responsive to this request have already been produced.

**3.** **General Issues with Defendant's Production:**

More generally, the Defendant's Responses to Plaintiff's Request to produce are deficient in that they do not specify which documents or range of documents are responsive to each specific request. For example, the response "please see attached," used numerous times throughout the Defendant's responses, is far too vague for Plaintiff to know which documents are intended to respond to which requests. Furthermore, a large portion of the documents produced are redacted without a privilege log explaining what was redacted and why.

In terms of the Defendant's Answers to Interrogatories, most of the Defendant's answers fail to actually answer the interrogatory posed, and merely refer Plaintiff generally to the Defendant's production. For instance, Defendant's Answers to Interrogatories 2, 3, 5, 10, and 18, refer the Plaintiff either to the Defendant's production generally, or to the Plaintiff's Complaint or 26(a) Disclosures. Other answers state only that "investigation continues." These are not complete or responsive answers; and are particularly deficient in light of the numerous extensions Plaintiff has agreed to since originally propounding discovery on April 14, 2016.

Another problem with the Defendant's discovery responses is that they leave Plaintiff without names of anyone potential deponents central to this litigation. For instance, the Defendant's discovery responses failed to name any of Plaintiff's

supervisors; anyone involved in the selection process for Chief of Police; the names of any applicants for Chief or Commander for the years in which Plaintiff applied; the names of the persons responsible for demoting Plaintiff from the position of Acting Chief of Police; or the names of the persons who made the decision to discipline Plaintiff after he filed his Complaint in this instant lawsuit. How can Plaintiff notice depositions in this action without such information?

Furthermore, Plaintiff has information that suggests that, as to both the Defendant's Responses to Request for Production and its Answers to Interrogatories, numerous answers and/or responses are factually inaccurate. For instance, a brief docket search within the Northern District of Illinois reveals other discrimination and/or retaliation cases filed against this Defendant within the last five years, but no information regarding the same was provided in the Defendant's answers to interrogatories or responses to requests for production of documents. Another example is Defendant's answer to Interrogatory number 27, which asked the Defendant about the use of an outside agency to conduct the hiring process for Chief of Police, and Defendant answered none. Plaintiff, however, has information suggesting that one such agency was used in 2015, as the Plaintiff was interviewed by an employee of the same during the application process.

For the foregoing reasons, the Defendant's Answers to Interrogatories and Responses to Requests for Production of documents are completely deficient. Please supplement your responses within seven (7) days or we will bring a motion to compel the same.

Sincerely,

Jonathon L. Hoeven

5